# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Bakil Dahir,                                          Case No. 21-cv-1617 (KMM/JFD)

         Petitioner,

v.

                                  **ORDER**

 William Bolin,

         Respondent.

This matter is before the Court on Petitioner Bakil Dahir's Objection [ECF No. 17] to the May 2, 2022 Report and Recommendation ("R&R"), issued by Magistrate Judge John F. Docherty. The R&R concludes that Mr. Dahir's Habeas Petition should be denied and dismissed with prejudice. [ECF No. 14].

After an R&R is issued, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *U.S. v. Miller*, No. 20-232(19), 2022 WL 3644894, at *2 (D. Minn. Aug. 24, 2022) (citing *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the Court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

A Minnesota state jury convicted Mr. Dahir of third-degree criminal sexual conduct. [R&R, ECF No. 14 at 1]. Mr. Dahir appealed his conviction, and the Minnesota Court of Appeals affirmed the jury's verdict, finding that the district court did not abuse its discretion by empaneling Juror A because his concerns about his impartiality did not amount to actual bias, and the even if they had, he had been properly rehabilitated by stating that he would try to be impartial. [*Id.* at 3]; *State v. Dahir*, No. A19-1003, 2020 WL 2517553, at *5 (Minn. Ct. App. May 18, 2020), rev. denied (Aug. 11, 2020). The court of appeals also held that the trial court could have reasonably inferred that some of juror A's expressed concerns about his ability to gauge credibility were motivated by his "desire to get out of jury service, rather than a reflection of his ability to properly weigh the evidence." [R&R, ECF No. 14 at 3]; *Id.* Mr. Dahir then filed a Petition for Further Review before the Minnesota Supreme Court, and the Court denied his request. [*Id.*].

Mr. Dahir argues that the state courts violated his Sixth and Fourteenth Amendment right to an impartial jury trial by denying his motion to remove a prospective juror, Juror A, for bias. [*Id.* at 1]. Juror A recounted that his wife had been sexually assaulted in the past and stated that he would try to be impartial. [*Id.* at 3]. Judge Docherty concluded that the trial court's decision not to strike the juror in question was a reasonable application of federal law on the facts before it. [*Id.* at 2].

2

As the R&R explained, a state court's decision is "an unreasonable application" of clearly established federal law if the state court correctly identified the Supreme Court's governing legal principle, but then "unreasonably applies the principle to the facts of the prisoner's case." [R&R, ECF No. 14 at 14]; *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) (citing *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Even if a federal court disagrees with a state court's conclusion, a habeas petitioner is only entitled to relief "if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." [R&R, ECF No. 14 at 15]; *White v. Woodhall*, 572 U.S. 415, 427 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The U.S. Supreme Court has held that credibility determinations about a juror's partiality lie "peculiarly within a trial judge's province" and that, absent "exceptional circumstances," those determinations require courts to show them deference. [*Id.*]; *Snyder v. Louisiana*, 552 U.S. 472, 477 (2008) (quoting *Wainwright v. Witt*, 469 U.S. 412, 428 (1985)). According to the U.S. Supreme Court, a trial court judge must consider whether a prospective juror stated, "that he could set aside any opinion he might hold and decide the case on the evidence." [*Id.*]; *Patton v. Yount*, 467 U.S. 1025, 1036 (1984). "Reviewing courts are properly resistant to second-guessing the trial judge's estimation of a juror's impartiality, for that [trial] judge's appraisal is ordinarily influenced by a host of factors impossible to capture fully in the record-among them, the prospective juror's inflection, sincerity, demeanor, candor, body language, and apprehension of duty." [*Id.*]; *Skilling v.*

*United States*, 561 U.S. 358, 386 (2010) (citation omitted). Judge Docherty concluded that, against the backdrop of this deferential legal landscape, the state court's conclusions were not unreasonable.

Mr. Dahir raised several objections to the R&R. Mr. Dahir argues that *Patton v. Yount* "requires a juror swear he could set aside any opinion, not that he will try." [Objections, ECF No. 17]. As explained in the R&R, *Patton* included ambiguous statements by a prospective juror where the prospective juror testified that "I think I could enter it [the jury box] with a very open mind." 467 U.S. at 1039. The Court held that "the ambiguity in the testimony of the cited jurors who were challenged for cause [was] insufficient to overcome the presumption of correctness owed to the trial court's findings." *Id.* at 1040. Additionally, the Court explained that it is not unusual for prospective jurors' testimony to be "ambiguous and at times contradictory" during the examination and that "[e]very trial judge understands this, and under our system it is that judge who is best situated to determine competency to serve impartiality." *Id.* at 1039. Here, Juror A acknowledged that his wife's experiences made him concerned about his impartiality, but he affirmatively stated that he would try his best to be objective. [R&R, ECF No. 14 at 18]. The Court agrees with Judge Docherty's application of *Patton*.

According to Mr. Dahir, the R&R also erred in not considering the holding from *Dennis v. United States*, where the U.S. Supreme Court held "in exercising its discretion,

4

the trial court must be zealous to protect the rights of an accused." 339 U.S. 162, 168 (1950); [Objections, ECF No. 17 at 4]. The R&R correctly explains why *Dennis* does not apply to Mr. Dahir's case. [R&R, ECF No. 14 at 16 n. 6]. In *Dennis*, the issue was whether the fact that a prospective juror was a government employee merited automatic removal. 339 U.S. at 172. There is not a similar dispute here.

Mr. Dahir then takes issue with the R&R's criticism of his reliance on a Minnesota state court case to support the proposition that juror A's answers during voir dire show actual bias. [Objections, ECF No. 17 at 4]; *State v. Fraga*, 864 N.W.2d 615, 624–25 (Minn. 2015). Mr. Dahir notes that his reliance on *State v. Fraga* was in support of his ultimate reliance on a federal case, *Morgan v. Illinois*, where the U.S. Supreme Court held that a trial court's "refusal to inquire whether potential jurors would automatically impose the death penalty upon convicting the petitioner was inconsistent with due process." 504 U.S. 719, 719 (1992). *Morgan* focused specifically on whether jurors may be excluded because of their views on capital punishment, which distinguishes it from this case. [R&R, ECF No. 14 at 16 n. 6]; *Morgan*, 504 U.S. at 726. While Mr. Dahir attempts to point to the holding in *Morgan*, the Court agrees with the R&R that it is not applicable in this case.

Additionally, the Court agrees that Mr. Dahir's reliance on *Fraga* is misplaced because it is a state court decision. [*Id.* at 18]; 28 U.S.C. § 2254(d)(1) (requiring a petitioner to point to a contravention or misapplication of federal law "as determined by the

Supreme Court of the United States"). *Fraga* relied on the U.S. Supreme Court's decision in *Irvin v. Dowd* for the proposition that a prospective juror's "strong and deep impressions that would prevent her from laying aside her impression or opinion and rendering a verdict based on the evidence presented in court" provided the court cause to strike a juror for partiality. 864 N.W.2d at 623 (quoting *State v. Munt*, 831 N.W.2d 569, 577 (Minn. 2013) (quoting *Irvin v. Dowd*, 366 U.S. 717, 722–23, 23 n.3 (1961) (cleaned up))) [R&R, ECF No. 14 at 18]. In *Irvin*, the defendant's alleged crimes were widely publicized and during voir dire two-thirds of the empaneled jurors expressed familiarity with the case's facts and testified that they had already formed an opinion on the defendant's guilt even prior to the start of the trial. 366 U.S. at 725–28; [R&R, ECF No. 14 at 19]. The U.S. Supreme Court granted the petitioner's habeas writ, but relevant here, held that jurors do not have to "be totally ignorant of the facts and issues involved" in a case because "the mere existence of any preconceived notion as to the guilt or innocence of an accused" is not enough to show partiality. *Id.* at 722–23; [R&R, ECF No. 14 at 19].

The Court agrees with Judge Docherty that Juror A's voir dire testimony is meaningfully different than the jurors in *Irvin*. [*Id.*]. In this case, there is no indication of extensive media coverage of Mr. Dahir's charges in the community. [*Id.*]. Also, Juror A did not claim that he knew anything about Mr. Dahir's case, or that he had already formed impressions or opinions of his guilt. [*Id.*]. Juror A stated that he would try to put aside his personal experiences relating to his wife's sexual assault and be objective when

6

considering the evidence. [*Id.*]. The *Irvin* Court held that this type of response is sufficient to meet the requirements of impartiality. *Irvin*, 366 U.S. at 723.

For these reasons, there is no basis in the record on which we could conclude that the Minnesota Court of Appeals's decision was "contrary to" or an "unreasonable application" of clearly established federal law, nor was it based on findings that were not reasonably contained in the state court's record. 28 U.S.C. § 2254(d). The Court likewise agrees with the R&R that a certificate of appealability ("COA") should not be granted in this case. 28 U.S.C. § 2253(c)(2) (prohibiting courts from granting a petitioner a COA unless that petitioner "has made a substantial showing of the denial of a constitutional right.").

Accordingly, **IT IS HEREBY ORDERED that**:

1.  The Report and Recommendation [ECF No. 14] is **ACCEPTED**;

2.  Petitioner's Objections [ECF No. 17] are **OVERRULED**;

3.  Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 1] is **DENIED**;

4.  This action is **DISMISSED WITH PREJUDICE**; and

5.  No COA is issued.

Let Judgment be entered accordingly.

Date: December 7, 2022

 *s/Katherine Menendez*
Katherine Menendez

7

United States District Judge